■ Isaac Teitelbaum, Respondent, v Paul G. Brumaire, Appellant, et al., Defendants. [764 NYS2d 110] —In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant Paul G. Brumaire appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated July 17, 2001, as granted the plaintiff's motion for summary judgment on the third and fourth causes of action.

Ordered that the order is affirmed, insofar as appealed from, with costs.

The appellant and his daughter each owned separate apartment buildings in Brooklyn, and each entered into a contract to sell his or her building to the plaintiff. Pursuant to the terms of the contracts, the plaintiff was not obligated to buy either building and he could cancel the contracts in the event that both buildings could not be conveyed simultaneously. At the time the contracts were executed, the daughter's building was in foreclosure, and it was sold at public auction before the parties were able to close. Thereafter, the plaintiff commenced this action, inter alia, for the specific performance of the contract of sale for the appellant's building.

The plaintiff established his entitlement to summary judgment on the third and fourth causes of action in the complaint for the specific performance of the contract of sale for the building in question. In opposition, the appellant did not raise a triable issue fact.

The appellant argues for the first time on appeal that he cancelled the contract for the sale of the building in question pursuant to the express provision that "in the event the [appellant's daughter] is unable to convey [title to her building], this contract may be cancelled." This argument is unpreserved for appellate review. In any event, it is without merit. The contract, read as a whole, provided the plaintiff and not the appellant with the option to cancel the contract for the sale of the building in question if the other building could not be conveyed simultaneously.

Therefore, the Supreme Court properly directed the appellant to convey title to the building in question. Florio, J.P., Schmidt, Crane and Cozier, JJ., concur.